FILED

MAY 22 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES JOHNSON, | No. C 08-1484 WHA (PR) |
| Petitioner, | **ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING WITHOUT PREJUDICE FOR FAILURE TO EXHAUST** |
| v. | |
| THE STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner, a California state inmate, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His application for leave to proceed in forma pauperis (document number 6) is **GRANTED**.

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available[1] with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. See 28 U.S.C. § 2254(b),(c);

---

[1] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. See *Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeals. See *id.* If the court of appeals denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. See *id.* at n.3.

1  *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading
2  exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).
3      Petitioner here has not pleaded exhaustion; in fact, he affirmatively pleads that he has
4  not exhausted, in that he says he has not filed any state court case presenting these claims. The
5  petition therefore is **DISMISSED** without prejudice to refiling after available state judicial
6  remedies are exhausted.[2]
7      The clerk shall close the file.
8  **IT IS SO ORDERED**.

10  Dated: May 22, 2008.

                                WILLIAM ALSUP
                                UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.08\JOHNSON1484.DSM-exh.wpd

---

[2] Petitioner is cautioned that under the Antiterrorism and Effective Death Penalty Act of 1996, effective April 24, 1996, petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or expiration of the time for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the United States Supreme Court, if the right was newly recognized and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for collateral review (such as a state habeas petition) is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CHARLES JOHNSON,

    Plaintiff,

v.

STATE OF CA et al,

    Defendant.
_____/

Case Number: CV08-01484 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 23, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Charles Johnson
#T-75115
San Quentin State Prison
San Quentin, CA 94974

Dated: May 23, 2008

Richard W. Wieking, Clerk
By: Monica Narcisse, Deputy Clerk